```
               UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

JOHN CHAMBERS,

      Plaintiff,

v.                                           Civil Action No. 2:17-cv-2744

HAMPDEN COAL, LLC, a
Delaware limited liability
company, and BLACKHAWK MINING,
LLC, a Kentucky Corporation,
and TONY OSBORNE, individually,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is a motion to dismiss, or, in the alternative, compel arbitration, filed by defendants Hampden Coal, LLC and Blackhawk Mining, LLC (together "defendants")[1] on May 12, 2017.

## I. Background

Plaintiff John Chambers filed his complaint in the Circuit Court of Boone County, West Virginia on December 13, 2016. See Compl. Ex. A to Notice of Removal. Shortly after, he filed his amended complaint on January 17, 2017, adding defendant Hampden Coal, LLC ("Hampden Coal") to the action. See Am. Compl. Ex. A to Notice of Removal. Invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1),

---

[1] Defendant Tony Osbourne has not yet been served. See generally Docket.

defendants timely removed the action to this court on May 5, 2017, within thirty days after service of the amended complaint. Notice of Removal ¶ 3.

Mr. Chambers states that he was employed with Hampden Coal from June of 2005 until approximately December 14, 2014. Am. Compl. ¶¶ 5, 8. In 2014, Blackhawk Mining, LLC purchased Hampden Coal and sometime thereafter required Mr. Chambers to sign an arbitration agreement. Pl.'s Resp. Defs.' Mot. Dismiss Compel Arbitration ("Pl.'s Resp.") at 1. He alleges that defendants terminated his employment due to his age, in violation of the West Virginia Human Rights Act. Id. at ¶¶ 8-13; W. Va. Code § 5-11-9. Mr. Chambers seeks compensatory damages, unmitigated front pay, emotional distress and punitive damages, and attorney fees and costs. Am. Compl. ¶ 18.

Defendants move the court to dismiss this action, or, in the alternative, to compel arbitration according to a mutual arbitration agreement that they argue is binding on Mr. Chambers' claim under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq. Defs.' Mem. Supp. Mot. Dismiss Compel Arbitration at 1-3 ("Defs.' Mem.").

Mr. Chambers agrees that valid arbitration agreements are governed by the FAA, but he disputes the validity and enforceability of the agreement that he signed. Pl.'s Resp. at

2-3. He claims that the agreement is unenforceable because it lacks proper consideration and, by its own terms, "specifically states that it is not a contract."

## II. Legal Standard

In an action brought "upon any issue referable to arbitration under an agreement in writing for such arbitration" where the court is "satisfied that the issue involved in such [action] is referable to arbitration," the court shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 2 U.S.C. § 3. "A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." Adkins v. Labor Ready, Inc., 303 F.3d 496, 500 (4th Cir. 2002).

"The principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 344 (2011) (internal quotations omitted). Under the FAA, agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[G]enerally applicable contract

3

defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements." Doctor's Assocs. V. Casarotto, 517 U.S. 681, 687 (1996).

### III. Analysis

If (1) the arbitration agreement between Mr. Chambers and Hampden Coal is enforceable and (2) his claim is referable to arbitration under that agreement, then the court must compel arbitration. 9 U.S.C. § 3; see Adkins 303 F.3d at 500.

**A. Enforceability of Arbitration Agreement**

The enforceability of an arbitration agreement is determined by the applicable state contract law. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). The parties are in agreement that West Virginia state law controls the validity of their arbitration agreement. Pl.'s Resp. at 2; Defs.' Mem. at 7.

Mr. Chambers argues that the arbitration agreement he signed is unenforceable because it lacks proper consideration due to mistaken references to an employer other than Hampden Coal. Pl.'s Resp. at 3. The agreement provides in relevant part:

> Consideration. By signing this agreement, Hampden Coal and I are exchanging promises to arbitrate any disputes arising between us. Every individual who works for Hampden Coal must have signed and returned this Agreement to be eligible for employment and continued employment with Blue Diamond. Blue Diamond's employment and continued employment of me as well as, the benefits and compensation provided by Hampden Coal are consideration for this Agreement. Both Hampden Coal and I remain free to end our employment relationship at any time, for any reason.

Mutual Arbitration Agreement of John Chambers at 3 Ex. 1 to Defs.' Mot. Dismiss ("Chambers Agreement").[2] Because "[p]laintiff has never worked for or had any association with Blue Diamond" and "Blue Diamond has never been plaintiff's employer nor offered plaintiff employment," the consideration "has never come to fruition." Pl.'s Resp. at 3. Without this consideration, Mr. Chambers asserts, the agreement is unenforceable.

Mr. Chambers also claims that the arbitration agreement is unenforceable because the agreement itself states that it is not a contract. The final paragraph of the agreement states that "[t]his Agreement is not, and shall not be construed to create a contract of employment." Chambers Agreement at 3. Therefore, he asserts, the agreement itself "claims not to be an agreement." Pl.'s Resp. at 4.

---

[2] All references to the Mutual Arbitration Agreement of John Chambers utilize the pagination generated by the ECF system.

The enforceability of an identical arbitration agreement was recently addressed by the Supreme Court of Appeals of West Virginia in Hampden Coal, LLC v. Varney, No. 17-0088, 2018 W. Va. LEXIS 102 (W. Va. 2018). Mr. Chambers acknowledges that the mutual arbitration agreement he entered into with Hampden Coal is identical to the arbitration agreement at issue in Varney. Pl.'s Resp. Defs.' Mot. Stay at 2; Compare Chambers Agreement with Mutual Arbitration Agreement of Michael Varney Ex. 1 to Defs.' Reply Mot. Stay.

The court in Varney addressed both issues levied by Mr. Chambers in opposition to the enforceability of the arbitration agreement. First, it found that valid consideration existed despite the "scrivener's error" referencing Blue Diamond, because "a mutual agreement to arbitrate is sufficient consideration to support an arbitration agreement." Varney 2018 W. Va. LEXIS 102 at *11-*13. Second, it found that the language disclaiming the creation of a contract of employment made no impact on the enforceability of the arbitration agreement. Id. at *36. Finding that the agreement was enforceable, the court remanded the case for an entry of an order dismissing the action and compelling arbitration. Id. at *39.

As in Varney, the identical agreement signed by Mr. Chambers is enforceable under state law.

**B. Claim is Referable to Arbitration**

To determine whether a claim is properly referable to arbitration, defendants must demonstrate:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.

Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 87 (4th Cir. 2005). Here, it appears that all four elements are met with respect to Mr. Chambers' claim.

First, it is clear that a dispute exists between the parties, as evidenced by the civil suit brought by plaintiff for improper termination based on age.

Second, there is a written arbitration agreement that purports to cover the dispute. The agreement states, somewhat awkwardly, that it covers "all disputes or claims of any kind includes but is not limited to, claims of unlawful discrimination, retaliation or harassment based upon . . . age . . . and all other claims relating to employment or termination from employment." Chambers Agreement at 2. Mr. Chambers' sole claim of a violation of the West Virginia Human Rights Act based

on termination due to age discrimination is plainly the type of dispute considered in and covered by the agreement.

Third, the diverse citizenship of the parties indicates that their business relationships relate to interstate commerce. Mr. Chambers is a citizen of West Virginia while defendants are formed under the laws of Delaware and Kentucky. Am. Compl. ¶¶ 1-3. That the transaction is related to interstate commerce is not in dispute. See <u>Allied-Bruce Terminix Cos. v. Dobson</u>, 513 U.S. 265 (1995).

Finally, Mr. Chambers has refused to arbitrate this action, instead opting to file a suit for age discrimination in state court (since removed to this court) and oppose defendants' motion to compel arbitration. As such, the fourth factor is also met and his claim is properly referable to arbitration.

C. Dismissal of the Action

Defendants move for dismissal of this action, but, in the alternative, they request that the action be compelled to arbitration.

The FAA states that a court satisfied that the claims of a suit are arbitrable "<u>shall</u> on application of one of the parties <u>stay</u> the trial of the action until such arbitration has been had." 9 U.S.C. § 3 (emphasis added). "Notwithstanding the

terms of § 3 . . . dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." <u>Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.</u>, 252 F.3d 707, 709-10 (4th Cir. 2001). A district court may, therefore, dismiss a case rather than merely staying it. <u>Greenville Hosp. Sys. V. Employee Welfare Benefit Plan</u>, 628 Fed. Appx. 842, 845-46 (4th Cir 2015).

In this case, because the sole claim brought by Mr. Chambers is subject to arbitration, and would properly be referred there, dismissal is warranted in lieu of a stay.

IV. Conclusion

For the foregoing reasons, it is ORDERED that defendants' motion to dismiss be, and hereby is, granted and this complaint is dismissed without prejudice to arbitration.

The Clerk is further requested to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: March 1, 2018

John T. Copenhaver, Jr.
United States District Judge